**PELICAN STATE BANK v. WEBB et al.**
**(SCHIMPF, Intervener).**

No. 5455.

Court of Appeal of Louisiana.
Second Circuit.

June 30, 1937.

Rehearing Denied July 19, 1937.

J. F. Phillips, of Shreveport, for appellant.

W. Crosby Pegues, Jr., of New Orleans, and Goodwyn H. Harris, Jr., and R. C. Gamble, both of Mansfield, for appellee.

TALIAFERRO, Judge.

This appeal tenders for adjudication a question of law only, and that is whether or not a victrola or phonograph, with records, a Jumbo Marble game machine, and a Penny Pack cigarette vending machine, owned by intervener, are subject to the lessor's privilege and right of pledge asserted against defendant, the lessee. The lower court held the chattels to be liable for rent due on the building wherein they were operated and seized, and dismissed the intervention. The intervener appealed.

There is virtually no dispute about the facts in the case. The marble and cigarette machines were in the leased building when defendant took possession of it as lessee. The victrola was placed therein subsequently. It is so mechanically constructed that music will be produced from a record when a coin is deposited in a slot leading into it. In like manner the other two machines will function as designed when coins are placed in the

proper receptacle, and a lever pulled or sprung, whether by physical or electrical power is not shown. The machines are not attached to the building in any manner. They were "robbed" once each week by intervener, who alone had keys to them. One-half of the money found therein was paid over to the lessee and the other half retained by intervener, in keeping with a prior agreement between them. It is the contention of intervener that the contract between him and defendant was one of sublease and that all amounts due thereunder as rent (one-half of the weekly yields from the machines) having been paid, his property may not be held for rent due by the principal lessee. Rev.Civ Code, art. 2706. Plaintiff denies the correctness of this position, and additionally pleads that the agreement between and the relation of defendant and intervener superinduced a sort of copartnership and, this being true, the property not being transiently or accidentally in the leased building, is liable for rent due by the lessee.

Defendant was allowed 50 per cent. of the intake of the three machines in return for allowing them space in the building. He was charged with the duty of seeing that they were not damaged or misused, and that no slugs were used by patrons to put them in action. No definite space or part of the building was assigned for occupancy of the machines and the lessee had the right to shift their position as he saw fit, being not unmindful of the favorable effect such action would have upon patronage. It is certain that when the lessee's consent was procured to allow the machines to remain in and be operated in his building, nothing was said about leasing any part of the building for the purpose. The contract was a commutative one from which defendant, by permitting the machines to be operated in the building, was to and did receive one-half of the income therefrom.

The essential elements to a contract of lease are: The thing, the price, and the consent. Rev.Civ.Code, art. 2670. Intention necessary to create such a contract may be inferred from established facts, circumstances, and acts of the contractants. The price, as to amount, may be uncertain or dependent upon certain eventualities, but the thing must be definite and certain. Article 2674, Rev.Civ. Code, reads:

"To let out a thing is a contract by which one of the parties binds himself to grant to the other the enjoyment of a thing during a certain time, for a certain stipulated price which the other binds himself to pay him."

In the present case there was no definite area, space, or place set apart for the occupancy of the machines, and for this reason one of the indispensable elements to a contract of lease is lacking, viz., the thing. The privilege of putting the machines in and keeping them in the building was definite, but not so as to where they would be located.

We are of the opinion that as regards plaintiff's rights as lessor, intervener's status is that of a third person and that the right of pledge provided in article 2707, Rev. Civ.Code, may be enforced against his property seized herein. In this connection, we find ourselves in accord with our brothers of the First Circuit. They passed upon the same question in Columbia Theatres, Inc., v. Menuet, 169 So. 809. This decision is discussed and favorably commented on by the Tulane Law Review, vol. 11, No. 2, pp. 322, 323.

We are also of the opinion that no copartnership relation arose from the dealings between defendant and intervener. It was simply a joint enterprise or adventure between them.

For the reasons herein assigned, the judgment appealed from is affirmed, with costs.