HENRY F. TURNER, Judge pro tern.
Plaintiff, Riverside Realty Co., Inc., obtained a sequestration of all the movable effects found in a bowling alley owned by it and leased to defendant, Southern Bowling Corporation of Louisiana. Berio Vending Company intervened in the suit asserting ownership of some of the property seized and claiming to be a sub-lessee of the premises, whose property would thus be susceptible to plaintiff’s lessor’s privilege only to the extent of its indebtedness to its lessor. Riverside Realty Co., Inc., denied that Berio Vending Company was a sub-lessee. On the motion to dissolve the writ of sequestration a trial was had. The Court below found Berio Vending Company to be a sub-lessee, dissolved the sequestration as to its property, and awarded it $750.00 damages for attorney’s fees. The case is before this Court on an appeal by Riverside Realty Co., Inc., from that judgment and an appeal by Berio Vending Company asking for an increase to $1,000.00.
The basis of Berio Vending Company’s claim that it is a sub-lessee is a written “agreement” between it and Southern Delta Restaurant, Inc. The latter corporation is apparently a subsidiary of Southern Bowling Corporation of Louisiana. This “agreement” gave Berio Vending Company the exclusive right to operate a cocktail lounge and snack bar and to sell all food and drink in the bowling alley. It provided for no definite space where this was to be done but gave Berio Vending Company the right to carry on its business anywhere on the premises. It provided for a “rental” of a certain percentage of the profits to be earned by the enterprise. It seems clear that the parties to this agreement considered a contract of lease of the premises for a specific and limited purpose.
Berio Vending Company also offered evidence of an oral lease from Southern Bowling Corporation of Louisiana to Southern Delta Restaurant, Inc.
The lease from Riverside Realty Co., Inc., to Southern Bowling Corporation of Louisiana expressly provided for the right of the lessee to enter into sub-leases without the consent of Riverside Realty Co., Inc.
The record clearly shows that Berio Vending Company owed no rent to Southern Bowling Corporation of Louisiana at the time its property was seized. River *230 side Realty Co., Inc., contends that the “agreement” between Berio Vending Company and Southern Delta Restaurant, Inc., does not constitute a lease and lacks one of the basic requirements of LSA-C.C. art. 2670 for a lease. That article provides:
“To the contract of lease, as to that of sale, three things are absolutely necessary, to wit: the thing, the price, and the consent.”
The plaintiff argues that the requirement of “a thing” is lacking in this agreement and cites in support thereof Columbia Theatres v. Menuet, 1936, La.App., 169 So. 809 and Pelican State Bank v. Webb, 1937, La.App., 175 So. 855. These two cases both involved coin-operated vending and amusement machines which had been seized by landlords on their leased premises and which had not belonged to the tenants. The machines in both cases had been placed there by their owners under an agreement with the tenant of the premises to share the profits from their operation. In both instances the contention of the owner of the machines that they were sub-lessees, was rejected by the Court. It was found that as there was no particular space provided for the machines and the tenant had had the right to put them anywhere he chose, the requirement of a thing was lacking, and consequently there was no lease.
We believe the instant case is different in a very material respect from those two cases. Berio Vending Company was granted complete control of the premises for purposes of selling food and drink. It had a particular area set aside for a snack bar and another for a cocktail lounge. It could place its vending machines anywhere on the premises it chose. Berio Vending Company had legal right to be on the premises and the only way it could be removed was through an eviction proceeding.
The thing in this agreement was the entire bowling alley, of which Berio Vending Company was the lessee for purposes of selling food and drink therein. The parties had been operating under this arrangement without objection for three and a half years.
Riverside Realty Co., Inc., also appealed as to the award of $750.00 for attorney’s fees, contending that this amount was excessive. We think that this award is reasonable, especially in view of the fact that an appeal was taken in this case.
For the foregoing reasons the judgment of the lower Court is affirmed.
Affirmed.