SAMUEL, Judge.
This suit for personal injuries and property damages sustained in a May 16, 1966 motorcycle-automobile accident was filed on May 1, 1967. The original petition named as defendants Matthew E. Hill, driver of the automobile, and his personal automobile liability insurer, Trans-America Insurance Company. A supplemental and amended petition filed September 13, 1967 made Napko Corporation, Hill’s employer at the time of the accident, an additional defendant in the suit. Napko filed an exception of prescription of one year under LSA-C.C. Art. 3536. Following trial thereon the exception was maintained and the suit was dismissed as to Napko.[1]
By a second supplemental and amended petition filed on August 6, 1968 Napko’s automobile liability insurer, The Travelers Indemnity Company, was made an additional defendant. Travelers also filed an exception of prescription which was dismissed after a hearing. Thereafter, following trial on the merits, an in solido judgment was rendered in favor of plaintiff and against the three defendants, Hill, Trans-America and Travelers, in the sum of $13,335.95. Travelers alone has appealed. We are advised by counsel that the other defendants cast, Hill and Trans-America, have paid plaintiff $6,341 in partial satisfaction of the judgment and plaintiff has released them from further liability.
At the time of the accident Hill was employed by Napko as a salesman. He used his own private automobile, a station wagon, in the conduct of Napko business and was reimbursed by his employer for gasoline and mileage expenses in connection with that use. He was driving the station *129 wagon when the accident occurred during the course and scope of his employment by Napko.
While conceding that in the absence of prescription it, Travelers, would be liable herein, appellant contends the policy in suit is designed to extend, and does extend, coverage only to Napko and its executive officers and does not make Hill, the driver of the offending vehicle, an additional insured. The sole issue presented by the appeal is whether or not plaintiff’s claim against Travelers has prescribed due to the fact that suit was not filed against that defendant until more than two years after the accident. The issue narrows itself to a single question: Insofar as the accident in suit is concerned, was Hill an insured under the policy? If Hill was an insured he and Travelers were in solido debtors and the timely filing of the suit against Hill interrupted prescription as to both Hill and Travelers under LSA-C.C. Art. 2097, which reads: “A suit brought against one of the debtors in solido interrupts prescription with regard to all.” If Hill was not an insured, the filing of suit did not interrupt prescription as to Travelers, the only insured in such a case would have been Napko, which has been dismissed as a defendant, and the passage of the one year prescriptive period bars plaintiff’s suit against Travelers.
The basic policy is a standard automobile liability policy issued by Travelers to the named insured, Napko.[2] Numerous endorsements are attached thereto. The policy as a whole provides insurance for vehicles specifically set forth and described in schedules contained in the declarations. The Hill automobile involved in the accident is not described or mentioned in the schedules, or elsewhere in the policy, as one of the vehicles covered. Our examination of the policy and attachments reveals that Hill can be considered an insured only under the following pertinent provisions contained in the insuring agreements, which are a part of the basic policy, under “Definition of Insured” and in an attached “Employers’ Non-Ownership Liability” endorsement[3] under “Application of Insurance” :
“Definition of Insured.
(a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word ‘insured’ includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.”
“Application of Insurance.
(a) The insurance applies only to (1) the named insured, and (2) any executive officer of the named insured, as insured, except as stated in divisions (a) (1) and (2) of the Definition of Insured agreement of the policy and except with respect to any automobile owned by such officer or by a member of the same household.
(b) The insurance applies only to the use, by any person other than the named insured, of any non-owned private passenger automobile in the business of the named insured as stated in the declarations, and to the use in such business, by any employee of the named insured, of any non-owned automobile of the commercial type if such use of such automobile is occasional and infrequent.” (Emphasis ours).
The station wagon involved in the accident was a “non-owned private pas- *130 senger automobile used in the business of the named insured”, Napko, and therefore, under the above quoted subsection (b) of the “Application of Insurance”, Travelers would be liable to plaintiff in the absence of prescription. But, as has been pointed out, primarily we are concerned, not with liability on the part of Travelers, but with prescription itself as determined by whether or not Hill was an insured under the policy. While the quoted provisions under “Application of Insurance” are determinative as to insurance coverage relative to Travelers’ liability for damages resulting from the negligence of a Napko employee while using a non-owned automobile in Napko business and, under subsection (b) in the case of any Napko executive officer, together with Napko, as to whom is an insured, those provisions clearly do not include Hill as an insured.[4] It is quite clear that Hill was not a Napko “executive officer” and appellees do not so contend.
Nor can Hill be considered an insured under the above quoted “Definition of Insured”. Under that provision the only person or organization additionally included as an insured is one who is using the automobile, or is legally responsible for the use thereof, provided the actual use of the automobile is with the permission of the named insured or his spouse, here Napko. It appears clear to us that “the automobile” referred to is a vehicle specifically set forth and described in the policy or its attachments as one insured under the policy and here the Hill vehicle is not such an insured automobile. The addition in the endorsement of non-owned automobiles cannot include them in “the automobile” so as to make their drivers omnibus insureds because, as noted above, the endorsement expressly provides whom it makes an insured.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered that the exception of prescription filed by The Travelers Indemnity Company be, and the same is now, maintained and plaintiff’s suit against that defendant is dismissed; all costs in this court to be paid by the plaintiff-appellee.
Reversed.

. No appeal was taken from that judgment and it is not before us. However, only by way of explanation, it is based on a holding that the timely filing of the suit against Hill, Napko’s employee, did not interrupt prescription as to Napko because the latter’s liability, which resulted solely from the doctrine of respondeat superior, was not in solido with its employee and therefore LSA-C.C. Art. 2097 (the article is quoted in full later in the body of the opinion) was not applicable. Little v. State Farm Mutual Automobile Ins. Co., La.App., 177 So.2d 784; Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373.

. The named insured are Napko Corporation, Napko Paint Company, Napko Paint Stores and Napko Art Supply. However, as the various divisions or designations are immaterial here, in this opinion that insured is referred to only as “Napko”.

. The endorsement provides for excess insurance only.

. Divisions (a) (1) and (2) of the quoted Definition of Insured clearly are inapplicable to the instant case.