263 So.2d 25

**O'Neil J. LEGENDRE, Jr.**

v.

**Matthew E. HILL et al.**

**No. 51681.**

June 5, 1972.

———◆———

Vial, Vial & Lemmon, Leon C. Vial, III, Hahnville, for plaintiff-relator.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Pat W. Browne, Jr., John C. Combe, Jr., New Orleans, for defendants-respondents.

McCALEB, Chief Justice.

O'Neil J. Legendre, Jr., instituted this tort action to recover damages for personal injuries sustained by him when a

motorcycle he was driving collided with an automobile owned and operated by Matthew E. Hill. The accident occurred on May 16, 1966. The suit, which was filed on May 1, 1967, named as defendants, Hill and his automobile liability insurer, Trans-American Insurance Company.

On September 13, 1967, more than a year after the occurrence of the accident, plaintiff in a supplemental petition alleged that at the time of the accident Hill was acting within the course and scope of his employment with the Napko Corporation, and the latter was joined as a party-defendant.

Napko filed a plea of one-year prescription against the claim under Civil Code Article 3536. The plea was maintained by the trial court and the suit as to Napko was dismissed.

On August 6, 1968 the petition was again amended and, in the second supplemental petition, it was alleged that The Travelers Indemnity Company had issued an automobile liability insurance policy to Napko under which Travelers became the liability insurer of Napko *and Hill*. Travelers was accordingly made a defendant and it filed a plea of one-year prescription which was overruled.

Following a trial of the case on the merits, judgment was rendered in favor of plaintiff in the sum of $13,335.95 against Hill, Trans-American and Travelers, "jointly, severally and in solido."

Plaintiff did not appeal from the judgment dismissing its claim against Napko; consequently, that judgment is final and Napko's liability is no longer at issue. However, Travelers appealed from the rulings rejecting its plea of prescription and casting it in judgment with the other defendants.

The Court of Appeal reversed the judgment as to Travelers, dismissing plaintiff's claim against it. 250 So.2d 127. We granted certiorari. 259 La. 802, 253 So.2d 64.

When the accident occurred, Hill was an employee of Napko, and was using his own private automobile in the course of the employment. No independent negligence on the part of Napko was alleged or shown. The judgment of the district court releasing Napko from the suit was based on the holding that the timely filing of the suit against its employee Hill did not interrupt prescription accruing against Napko because the latter's liability, resulting solely from the operation of the doctrine of respondeat superior, was not solidary with that of the employee and

that, therefore, Civil Code Article 2097[1] was not applicable[2].

However, we are not required to pass on the correctness of this phase of the case in view of the fact that plaintiff has permitted to become final, the judgment dismissing his claim against Napko. This is so, because if Hill is not an insured under Travelers' policy (that is, if Travelers is liable as an insurer of Napko only), then the final judgment which released Napko from liability also released its insurer, when neither Napko nor its insurer (Travelers) was sued within a year of the accident. Consequently, unless, as plaintiff claims, *Hill* was *an insured* under the Travelers policy, and that is the only basis on which he is now claiming damages from Travelers, the dismissal of his suit against Travelers was proper.

We, therefore, direct our attention to the question of whether Hill is an insured under the policy issued by Travelers to Napko.

The basic policy is a standard automobile liability policy, with Napko as the named insured.[3] The vehicles covered

1. That article recites: "A suit brought against one of the debtors *in solido* interrupts prescription with regard to all."

2. The holding is based squarely on our decision in Cox v. Shreveport Packing Co., 213 La. 53, 34 So.2d 373 (1948), the rationale of which was approved in Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960), although the latter case did not involve a plea of prescription. In the Cox case we expressly held

that the filing of a tort action against an employee does not interrupt prescription running against his employer when the latter is free from negligence and his liability results solely because of the doctrine of respondeat superior.

3. Also named as insured are Napko Paint Company, Napko Paint Stores, and Napko Art Supply, but this has no bearing on the issues involved herein.

thereby are listed in various schedules attached to the policy. Hill's car is not listed. The definition of insured in Clause III of the contract contains the usual omnibus provision that "insured" includes "the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either."

"The automobile" referred to in the clause means, of course, the vehicle specifically listed in the policy schedules.

Manifestly, Hill was not an insured under these provisions of the basic policy.

It is just as certain that Napko was not, under the terms of the basic policy, insured against claims for damages, for which it might be liable under the doctrine of respondeat superior, caused by the tortious conduct of its employees while using their own vehicles in the course of their employment. To effect this coverage, an "Employer's Non-ownership Liability Endorsement" was issued. And it is the language contained in this endorsement which plaintiff asserts rendered *Hill* (the employee), as well as Napko, an insured under the policy. Those provisions are as follows:

"It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability and for Property Damage Liability applies with respect to non-owned automobiles, subject to the following provisions:

\* \* \* \* \* \*

"2. Application of Insurance.

(a) The insurance applies *only* to (1) the named insured, and (2) any executive officer of the named insured, *as insured*, except as stated in divisions (a) (1) and (2) of the Definition of Insured agreement of the policy and except with respect to any automobile owned by such officer or by a member of the same household.

(b) The insurance applies *only to the use*, by any person other than the named insured, of any non-owned private passenger automobile *in the business of the named insured* as stated in the declarations, and to the use in such business, by any employee of the named insured, or any non-owned automobile of the commercial type if such use of such automobile is occasional and infrequent." (Emphasis ours.)

We fail to discern how these provisions result in rendering employees of the named

.insured, additional insureds under its terms. On the contrary, by explicit language, the "Employer's Non-ownership Liability Endorsement" clearly limits the insurance to *only* the *named insured* (or its executive officers) as insured" (paragraph [a]) for *liability* incurred through the use of an automobile not owned by said insured (the employer) when such vehicle is used in the business of the insured (paragraph [b]).

Plaintiff insists that such an interpretation renders nugatory the excess insurance clause of the endorsement which provides that "This insurance shall be excess insurance over any other valid and collectible insurance for Bodily Injury Liability and for Property Damage Liability." But it does not. This language plainly means that, if there is other insurance applicable to a non-owned automobile or its driver, then the insurance provided to the insured (the employer) is excess only. The clause would have been applicable, for example, in the instant case if suit against the employer (the insured Napko) had been timely filed.

Nor do the provisions of the policy clause dealing with premiums have the effect of bringing the employee under its coverage as an insured, simply because they refer to the "classes" of employees. It is expressly stipulated that the language in that clause is to be considered "when used as a premium basis", and it was in no way intended to expand coverage beyond the named insured so as to include also as insureds employees using their own automobiles.[4]

We hold, therefore, that Hill was not an insured under either the basic policy or the endorsement, and that inasmuch as suit was not timely filed against Napko or Travelers, the suit against the latter, like that against Napko, was barred by prescription.

For the reasons assigned the judgment of the Court of Appeal is affirmed.

4. The obvious purpose of the clause is simply to fix a basis for estimating the premiums to be charged, which are arrived at by consideration of the risk exposure of *the named insured*—that is, how many persons usually, in "their regular duties in the business", use automobiles, (Class 1) and all other employees (Class 2). Manifestly, the tort claim exposure of the insured employer increases as the number of Class 1 employees increases, and the premium charge would be higher on this class of employee, than on those who may only occasionally, or never, operate a vehicle in the course of the business. But this consideration in fixing the premiums charged to insure the *named insured* does not have the effect of making those employees themselves direct insureds if they are not insured by virtue of other policy provisions.