WENTWORTH, Judge.
Appellant seeks review of a summary judgment which determined that he is not entitled to payment of personal injury protection (PIP) benefits under a contract of insurance between appellant’s uncle and appellee. Appellant is a resident in his uncle’s household and sustained injury when a truck collided with a county-owned bus in which appellant was a passenger. While the insurance contract involved in this case excludes coverage for injuries sustained in a vehicle “for hire,” the contract will nevertheless be enforced as if it were in compliance with Florida’s Automobile Reparations Reform Act, irrespective of the contract’s actual terms. See § 627.733(3)(a), Florida Statutes; State Farm Mutual Automobile Insurance Co. v. Chapman, 415 So.2d 47 (Fla. 5th DCA 1982). Section 627.-736(4)(d)3, Florida Statutes, requires payment of PIP- benefits in the circumstances of the present case. Section 627.734, Florida Statutes, relating to “Security Requirements,” merely exempts governmental entities from the required provisions of such benefits, and does not affect the obligations of private parties as are involved in the present case. See Chapman. We therefore conclude that, pursuant to § 627.736(4)(d)3, Florida Statutes, the insurance contract between appellant’s uncle and appellee affords coverage for the injury sustained by appellant as a passenger on the county-owned bus.
Accordingly, the order appealed is reversed.
McCORD and BOOTH, JJ., concur.