GAUDIN, Judge.
The sole and narrow issue before this Court is whether a clause in an automobile insurance policy excluding commercial or business use violates public policy. The appealed-from judgment of the 24th Judicial District stated that public policy was offended. We affirm.
Automotive Casualty Insurance Company issued the two policies in question here, both covering cars used to deliver pizzas. Both policies had so-called automobile business use exclusions. Both autos were involved in accidents and in both instances Automotive Casualty denied coverage because of the exclusions.
Automobile business use exclusions have been the subject of much litigation, probably beginning with Fields v. Western Preferred Casualty Co., 437 So.2d 344 (La.App. 2 Cir.1983).[1] See also Rudison v. Richard, 526 So.2d 369 (La.App. 4 Cir.1988), Stanfel v. Shelton, 563 So.2d 410 (La.App. 1 Cir.1990), and, most recently, Morris v. American Sur. & Fidelity Ins., 573 So.2d 1227 (La.App. 4 Cir.1991). The holdings in these (and other) cases appear to be in conflict.
*1350 In any event, neither the Supreme Court of Louisiana nor this circuit has expressed, to our knowledge, an opinion contrary to that of the district court in the case now before us. Accordingly, we cannot say that the trial judge erred.
Automotive Casualty is to bear costs of this appeal.
AFFIRMED.

. Petitions for writs denied at 440 So.2d 528 (La.1983) and 440 So.2d 754 (La.1983).