liLUCIEN C. BERTRAND, Jr., Judge Pro Tem.
The issue raised in this appeal is whether a business use exclusion in an automobile liability policy violates the compulsory motor vehicle liability security law. The trial judge found no statutory or public policy violation and enforced the exclusion. We affirm.
FACTS
Plaintiff, Anthony Mayfield, was a guest passenger in an automobile driven by Daniel Cladd, when the Cladd vehicle was struck by an automobile driven by Carlton Reedom. At the time of the accident, Reedom was driving his personal vehicle while in the course and scope of his employment with Domino’s Pizza.
^Mayfield sued Reedom and his insurer, Imperial Fire & Casualty Insurance Co., as well as Reedom’s employer, RPM Pizza, Inc., d/b/a Domino’s Pizza, and its insurer, National Union Fire Insurance Co. Imperial Fire denied coverage for the accident based on a business use exclusion in its policy which reads as follows:
We do not insure any car while it is being used for or in the course of your employment or occupation, unless you have told us the car is for business use, and you have paid the premium for business use.
Imperial Fire contends this exclusionary language bars coverage herein. Reedom admits that he was in the course and scope of his employment at the time of the accident, and the policy declaration page reveals that Reedom, upon applying for insurance coverage, denied that his automobile would be used for commercial purposes. Accordingly, Imperial Fire moved for summary judgment on the coverage issue.
LEGAL ANALYSIS
Imperial Fire contends there is no statutory bar to the business use exclusion contained in its policy. In support of its position, Imperial Fire cites Morris v. American Surety & Fidelity Ins. Co., 573 So.2d 1227 (La.App. 4th Cir.1991), a case which held that a business use exclusion did not violate the statutory requirement that every motor vehicle be covered by a liability policy.
Mayfield, Reedom, RPM Pizza, and National Union, appellants herein, contend that the Imperial Fire exclusion violates La.R.S. 32:861 and 32:900. They argue that operation of the exclusion results in certain instances in the absence of the minimum insurance coverage mandated by law. They further argue that such an exclusion frustrates the intent and purpose of La.R.S. 32:861, et seq., which was designed to protect, not owners or operators of insured vehicles, but rather, those persons injured by the operation of insured vehicles. In support of their position, they cite RPM 3Pizza, Inc. v. Automotive Casualty Ins. Co., 590 So.2d 1349 (La. App. 5th Cir.1991), affirmed on other grounds, 601 So.2d 1366 (La.1992), and the somewhat analogous eases of Stanfel v. Shelton, 563 So.2d 410 (La.App. 1st Cir.1990), Cinquemano v. Underwood, 611 So.2d 838 (La.App. 4th Cir.1992), writ denied, 617 So.2d 909 (La.1993), Arnaud v. Commercial Union Insurance Company, 594 So.2d 992 (La.App. 3rd Cir.), writ denied, 604 So.2d 994 (La. 1992), Louisiana Farm Bureau Casualty Insurance Company v. Darjean, 554 So.2d 1376 (La.App. 1st Cir.1989), writ denied, 558 So.2d 571 (La.1990), Rudison v. Richard, 526 So.2d 369 (La.App. 4th Cir.1988), and Fields v. Western Preferred Casualty Company, 437 So.2d 344 (La.App. 2nd Cir.), writs denied, 440 So.2d 528, 754 (La.1983).[1]
The Supreme Court has thus far declined to address the issue. However, in the RPM Pizza case, Justices Watson and Cole debated the question in their concurring and dissenting opinions. See 601 So.2d at p. 1371 and p. 1372, respectively. Justice Watson, in his concurrence, opines that a business use exclusion conflicts with the purpose of the Motor Vehicle Safety Responsibility Law, La. R.S. 32:851-1043, and is therefore void. Conversely, Justice Cole characterizes a *629 business use exclusion as merely a recognition of the different types of risks to which the insurer is willing to be exposed. To void such an exclusion, he suggests, would be to render every automobile liability policy an “all risk” policy, spreading the cost of higher risks to all policyholders.
Also pertinent to a discussion of the issues raised herein are the comments of Judge Lobrano in the Morris case. Judge Lobrano authored both Morris and Rudison, the latter of which was relied upon by the First Circuit in Stanfel. In Morris, Judge | ¿Lobrano pointed out that the Stanfel court misinterpreted his decision in Rudison. In explaining the distinction between a business use exclusion and the exclusion of an omnibus permissive user, Judge Lobrano held as follows:
First, the instant case does not involve use of the insured vehicle by a permissive user who was denied coverage. The subject policy’s insured risks are the same irregardless of who uses the vehicle.
Second, the business use of a vehicle creates a higher risk than personal use, and presumably requires higher premiums. Although not presented with the public policy arguments raised in this case, our courts have consistently recognized the “business use” exclusions of liability policies. Redden v. Liberty Mutual Insurance Company, 327 So.2d 474 (La.App. 2nd Cir.1976), writ den. 331 So.2d 495 (La. 1976); Lee v. Allstate Insurance Company, 274 So.2d 433 (La.App. 1st Cir.1973).
The terms of ASFIC’s policy are clear and unambiguous. Villneurve’s vehicle was not insured for business, occupation or employment use. That exclusion was applicable to all users of the insured vehicle. We admit that the holding of Stanfel conflicts with our reasoning in this case. However, we believe that our brethren of the First Circuit misapplied the Rudison and Louisiana Farm Bureau decisions in reaching their result. Our decision in Ru-dison was intended to provide all permissive users of a vehicle with the same coverage as the insured, not to prohibit risk exclusions in a policy. Extending Stanfel to reasonable extremes would result in every auto liability policy being an “all risks” policy. The insurer would be required to spread the costs of “all risks” to every policy holder [sic] in the state regardless of the vehicle’s use. We do not believe the legislature intended such a result, and refuse to follow Stanfel. [Footnote omitted.]
Morris, 573 So.2d at p. 1230.
The trial court herein adopted the reasoning of Justice Cole in his RPM Pizza dissent. The trial judge stated that insurance companies should be allowed some basis for setting the price of premiums. He pointed out that Reedom paid a lower premium than what he would have been charged had he stated on the application that his vehicle would be used for commercial purposes.
After reviewing the pertinent jurisprudence and statutory law, we conclude the business use exclusion at issue is enforceable. We agree with Justice Cole’s analysis and conclude, as did he, that there is no implicit legislative bar to a policy exclusion |sof a specific risk. We find no conflict between this exclusionary language and the compulsory insurance laws of this state. As Justice Cole stated, “Nowhere in the statute is an insurer prohibited from setting forth in the required insurance policy the types of risk it has contractually agreed to assume.” 601 So.2d at p. 1374.
CONCLUSION
Summary judgment shall be granted if the mover is able to show that there is no genuine issue as to material fact, and that he is entitled to judgment as a matter of law. The question before us involves no factual dispute, and we conclude the trial judge properly resolved the legal issue in favor of Imperial Fire.
Accordingly, for the foregoing reasons, we affirm the summary judgment rendered by the trial court. Costs of this appeal are assessed to the appellants.
AFFIRMED.

. Stanfel involved a permissive user operating the covered automobile to deliver pizzas. Fields also involved a permissive user. Cinquemano, Amaud, Darjean, and Rudison involved non-named permissive users operating the covered vehicles during the course of repairs. Such situations are governed by La.R.S. 32:900(B)(2), which provision is not applicable herein.