| .CHEHARDY, Judge.
Defendant, Louisiana Health Service and Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana (hereafter “Blue Cross”), appeals a judgment that found Blue Cross liable to pay benefits for surgery that Blue Cross contends is excluded from its policy. We affirm.
The lawsuit arose out of a claim by Judith Robarts for reimbursement of expenses for breast reduction surgery that she underwent in April 1999. It is undisputed that the surgery was medically necessary. Robarts’ obstetrician-gynecologist, Dr. Royce Sistrunk, sent Blue Cross the following explanation on August 9, 1999:
*88 Mrs. Judith Robarts has been my patient since May 22,1990, and during that interim, I have delivered four infants via C-Section. Throughout each of her pregnancies, I watched her breasts enlarge enormously! During the last pregnancy, she required a double “D” bra, and her breasts enlarged to a point that the cups had to be split to hold them. Without the bra, the breasts descended lower than her waist, and she developed a “Kyphotic Slump.” The bra straps caused fat necrosis and subsequent 1-1/2" indentations in her shoulders. She experienced daily neck and shoulder pain and discomfort due to the enlarged breasts. This discomfort was alleviated immediately when she manually lifted the breasts so they were no longer weight bearing.
|RBased upon my strong recommendation, the patient consulted a plastic surgeon, Dr. Ken Dieffenbach, for his evaluation and management. As previously mentioned, she underwent a bilateral breast reduction to alleviate the pain and discomfort. I am, therefore, requesting that her breast reduction surgery be considered a medical necessity and that her outstanding claims related to this surgery be treated as such.
Prior to the surgery Robarts’ surgeon requested pre-authorization of payment for the surgery, but Blue Cross sent the following response (dated February 18,1999):
We have reviewed your recent request for pre-authorization and based upon documentation received, have determined that the proposed services are not covered by this member’s contract for the following reason(s):
CONTRACTUAL EXCLUSION CODE 19318-50
We will do our best to maximize your payment/reimbursement under your present agreement. However, this pre-authorization is not a guarantee of payment. Final determination will be made after services are rendered and the claim, along with supporting information — operative report, medical history, etc. — is fully reviewed.
On April 13, 1999 Robarts underwent the surgery, which consisted of two procedures: “bilateral breast reduction” and “lava suction axillary folds plus lateral breast folds” (i.e., liposuction of the armpit and side-breast areas).
After the surgery Robarts’ physician requested review of her claim for reimbursement. Blue Cross responded with the following letter (dated October 18,1999):
I am writing to advise you that a complete review was done on your request for reconsideration of services rendered on 04/13/99. I would like to advise you that, after carefully reviewing all medical information, we are unable to allow benefits for the (15877) and the (19318) |4services. Your claim is being denied due to the contractual stipulations concerning this particular procedure. Please reference Article XVI [sic], page 53: article 32 & 33, in your Blue Cross Blue Shield Contract Booklet. If you have any questions concerning contract benefits please feel free to contact our Customer Service Department.
Robarts appealed to the Managed Care Department, which responded as follows (dated November 15,1999):
As a result of your request for reconsideration, we have thoroughly reviewed the claim filed for health insurance benefits to determine whether the original decision was correct. The review was a separate re-examination of all the records provided concerning this claim.
In this review, we determined that there was no new and pertinent information *89 submitted that would change our original decision. Therefore, I am sorry to inform you that your request for reconsideration has been denied.
Robarts filed suit on February 17, 2000, seeking recovery of benefits plus penalties and attorney’s fees for arbitrary and capricious denial of her claim. Blue Cross denied liability, stating: “[C]overage for the procedure performed is specifically excluded by the policy of insurance issued by Blue Cross to Mr. and Mrs. Robarts. At no time has the denial of coverage been based on the question of ‘medical necessity’ or the adequacy of proof of loss.”
The matter was tried on April 24, 2001 and the court took the matter under advisement. On June 28, 2001 the court rendered judgment in favor of the plaintiff, awarding her $8,127.00 plus court costs and interest from the date of judicial demand. The court denied penalties and attorney’s fees under La.R.S. 22:657, finding that the insurer’s actions were not arbitrary and capricious.
In reasons for judgment included within the judgment, the court stated:
| ¡¡Plaintiff Judith Robarts, had a health insurance contract with Blue Cross & Blue Shield (hereinafter referred to as Blue Cross). She underwent breast reduction surgery on April 13, 1999 and requested pre-authorization. The pre-authorization request was denied, but Blue Cross did not deny the claim, stating in Exhibit 2:
“FINAL DETERMINATION WILL BE MADE AFTER SERVICES ARE RENDERED AND THE CLAIM, ALONG WITH SUPPORTING INFORMATION — OPERATIVE REPORT, MEDICAL HISTORY, ETC. — IS FULLY REVIEWED.” Emphasis Added.
The claim was ultimately denied in August of 1999.
This Court agrees with the reasoning set forth in plaintiffs brief. If Blue Cross was going to deny the claim outright because of what argument it put forth at trial which was a strict interpretation of its policy then the language written in Exhibit 2, should not have been sent to plaintiff. The inclusion of said paragraph in the February 18, 1999 letter (.Exhibit 2) demonstrates that ambiguity exists within the contract and it is subject to interpretation.
In the instant case there is no dispute that plaintiffs surgery was medically necessary. Barring surgery, plaintiff would likely suffer back injury and further pain and discomfort.
Blue Cross filed a motion for new trial, which was denied. This appeal ensued.
Blue Cross contends the trial judge committed an error of law when she found that the insurance contract provided coverage of plaintiffs breast reduction surgery, despite the fact that the policy states that benefits will not be provided for services, surgery or supplies in connection with or related to breast enlargement or reduction.
IsThe Blue Cross policy in question is known as the “Blue Max Contract” and is an individual comprehensive major medical contract. The basic insuring agreement states, under Article III, Benefits:
A. Payments
Subject to the Deductible Amount as shown in the Schedule of Benefits, any maximum limitations or other terms and provisions of this Contract, the Company will provide Benefits in accordance with its Coinsurance shown in the Schedule of Benefits toward Allowable Charges incurred for Covered Services by a Member during a Benefit Period.
*90 “Covered service” is defined under Article I, Definitions, as a “service or supply specified in this Contract for which Benefits are available when rendered by a Provider.”
The policy exclusions mentioned in Blue Cross’ October 1999 letter are set out in Article XVII, Limitations and Exclusions:
A. Benefits will not be provided for the following, regardless of any claim of Medically [sic] Necessity:
[[Image here]]
32. Weight reduction programs or treatment for obesity including any Surgery for morbid obesity or for removal of excess fat or skin following weight loss o.r pregnancy, regardless of Medical Necessity ....
33. Services, surgery or supplies in connection with or related to:
[[Image here]]
• breast enlargement or reduction
. Blue Cross contends there is nothing unclear or ambiguous about these exclusions:
In accordance with the statutory mandate [of La.R.S. 22:213], the Blue Cross policy defines a Claim as a written or electronic proof of charges incurred by the|7member and submitted in appropriate form. A claim is considered “incurred” on the date services are provided. In Mrs. Robarts’ case, that date was April 13, 1999. Both the statute and the contract contemplate the actual provision of services before there is an adjudication of a claim.
Blue Cross argues the language in its February 1999 letter, cited by the trial judge as demonstrating ambiguity, simply gave the insured the opportunity to have her claim adjudicated after the services were rendered and all information developed. “The logical conclusion to be drawn from the reasoning of the court below is that by advising the Member of the correct process and her appeal rights, Blue Cross made its contract ambiguous.” Appellant’s Brief, p. 7.
Blue Cross points out the only way to avoid such a dilemma would be for it to tell its insured that she could submit no further information after the surgery took place and that she had no right to appeal. Blue Cross asserts that would be clearly contrary to the interests of all members.
However, despite the exclusionary clause concerning breast reduction, the policy contains an additional clause that we find produces ambiguity. Under Article XIX (General Provisions), Section I (Review of Claims Denied in Whole or in Part) explains the insured’s right to request review of any benefits denied in whole or in part. It contains the following clauses: “A disposition of the Claim will not be deemed final until such time as a written decision is rendered.... The Company has full discretionary authority to determine eligibility for Benefits and/or to construe the terms of this Contract.” (Emphasis added.)
“A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party.” La.C.C. art.2056. Thus, any ambiguity | sin an insurance policy is construed against the insurer. Smith v. Matthews, 611 So.2d 1377, 1379 (La.1993).
Where there is doubt that cannot otherwise be resolved, which arises from lack of a necessary explanation that one party should have given, or from the negligence or fault of one party, the contract must be interpreted in a manner favorable to the other party. La.C.C. art. 2057. Hence, policy ambiguities are construed in favor *91 of coverage. RPM Pizza, Inc. v. Automotive Cas. Ins. Co., 601 So.2d 1366, 1369 (La.1992).
Policy exclusions must be clearly stated. La.C.C. art. 2057. Any ambiguity in an insurance policy’s exclusions is construed to afford coverage. Garcia v. St. Bernard Parish Sch. Bd., 576 So.2d 975, 976 (La.1991). The insurer has the burden of proving that a loss comes within a policy exclusion. Capital Bank & Trust Co. v. Equitable Life Assur. Soc. of U.S., 542 So.2d 494, 496 (La.1989).
The language of Article XIX, Section I, indicates that despite any exclusions in the policy, Blue Cross has discretion to decide whether or not a claim is covered. That creates an ambiguity that must be interpreted in favor of the insured, particularly considering the language of the letter dated February 18, 1999 that was offered into evidence at trial. Accordingly, the trial court did not err in finding that plaintiffs surgery was covered by the policy.
For the foregoing reasons, the judgment is affirmed. Costs are assessed against appellant, Louisiana Health Service and Indemnity Company d/b/a Blue Cross Blue Shield of Louisiana.

AFFIRMED.