SAMUEL, Judge.
This is an appeal by the two plaintiffs, Mr. and Mrs. Grace, from a summary judgment dismissing their suit against one of the defendants, Southern Farm Bureau Casualty Insurance Company.
The Grace family automobile was taken by Mrs. Grace and her daughter to Armstrong Auto Service to eliminate a noise emanating from the vehicle while in motion. With Mrs. Grace occupying the back seat, Jules M. Armstrong, the proprietor of Armstrong Auto Service and one of the defendants herein, test drove the car to determine the origin of the noise. Following completion of the test drive Mr. Armstrong drove the car onto a service rack in his place of business. The rack was slightly above floor level. Allegedly, Mrs. Grace was not warned, and did not know, the automobile was on the rack. She tripped and fell while alighting from the car and filed this suit for her personal injuries. The coplaintiff, Mr. Grace, seeks recovery for medical expenses incurred on behalf of his wife.
Plaintiff’s claim against Southern Farm is based solely on the fact that the latter was the insurer of Jules M. Armstrong in family automobile insurance policies. The summary judgment appealed from is based on a finding of an absence of coverage under those policies. The pertinent provisions and definitions in the policies are:
“This policy does not apply . . . :
(h) to a non-owned automobile while maintained or used by any person while such person is employed or otherwise engaged in
(1) the automobile business of the insured or of any other person or organization."
“ ‘automobile business’ means the business or occupation of selling, repairing, *739 servicing, storing or parking automobiles
Appellants contend there is an unresolved and contested factual issue as to when the repairing of the plaintiff car was begun and that the contested exclusionary clause is ambiguous and therefore should be construed against the insurer. We do not agree with either contention.
It suffices to say that the exclusionary provision is clear and unambiguous. And there is no genuine issue as to material fact. All of the pertinent facts in this appeal are before us. The only issue is whether those facts show Mr. Anderson was engaged in the automobile business, i. e. repairing the Grace vehicle within the policy definition, at the time the accident occurred.
Appellants rely upon Dumas & Hartford Accident & Indemnity Company, La.App., 181 So.2d 841, handed down by the Second Circuit in 1965. Dumas holds that the act of an automobile service station in returning a vehicle to its owner after having completed the work of servicing the car was not excluded under a policy provision and definition materially similar to those involved in this case because at that time servicing of the car had been completed.
However, in a very recent case, Deville v. United States Fidelity & Guaranty Co., 258 So.2d 694 (La.App., 1972), the Third Circuit reached a contrary conclusion. There the accident occurred while the automobile was being delivered by a dealer’s employee from the car owner’s premises to the dealer’s place of business for the purpose of making repairs to the vehicle. Under the same policy provision and definition as those involved in Dumas, Deville holds the accident was within the exclusion.
In the instant case we find no merit in appellants’ argument that repairing had not yet begun when Mrs. Grace was injured. She was a customer who had brought the vehicle to Mr. Armstrong to have the noise eliminated. Mr. Armstrong was engaged in the automobile business as defined by the policies. In our opinion his actions in test driving the car and in driving the vehicle onto the rack for further investigation and work clearly constitute a part of repairing the vehicle.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.