526 So.2d 369 (1988)
Carruth RUDISON, et al.
v.
Matthew D. RICHARD, et al.
No. 88-C-0545.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
*370 George D. Fagan, New Orleans, for relator.
Nils R. Douglas, New Orleans, for respondent.
Before GULOTTA, C.J., and LOBRANO and WARD, JJ.
LOBRANO, Judge.
We granted certiorari to review the trial court's ruling which held that the "automobile business" exclusion in Government Employees Insurance Co.'s (GEICO) insurance policy is contrary to the public policy of this state and is therefore unenforceable.
GEICO's insured, Walter Williams, brought his vehicle to Richard's Super Service to have the vinyl top removed, and the top repainted. Matthew D. Richard, a mechanic at the shop, drove the vehicle to Willie's Auto Shop to have the top repainted. While enroute he was involved in an automobile accident which is the basis of the instant suit.
The driver, Richard, filed a motion for summary judgment seeking a declaration of coverage by the GEICO policy. GEICO filed a cross-motion seeking a declaration that the "automobile business" exclusion applied, and hence there was no coverage. The trial court granted Richard's motion holding that the "automobile business" exclusion was contrary to the public policy of the state as expressed in La.R.S. 32:861 et seq., and thus GEICO's policy afforded coverage to Richard. GEICO filed the instant writ. We affirm.
The exclusionary provisions of the GEICO policy provide:
"8. We do not cover an owned auto while used by a person (other than you or a relative) when he is employed or otherwise engaged in the auto business."
Under the definition section of said policy "auto business" is defined as "... the business of selling, repairing, servicing, storing, transporting or parking of autos."
We agree with GEICO's argument, and their supporting cases, that this court, and others have held similar exclusionary language to be clear and unambigious. However, the issue of whether those clauses are violative of public policy has never been addressed. Grace v. Armstrong, 266 So.2d 737 (La.App. 4th Cir.1972); Howard v. Ponthieux, 326 So.2d 911 (La.App. 3rd Cir. 1976); Gotreaux v. Travelers Ins. Co., 299 So.2d 466 (La.App. 3rd Cir.1974).
By Act 115 of 1977 the legislature amended Chapter 5 of Title 32 by adding a new part entitled "Compulsory Motor Vehicle Liability Security." La.R.S. 32:861, et seq. Section 861(A)(1) provides that "[e]very self-propelled motor vehicle registered in this state ... shall be covered by an automobile liability policy with liability limits defined by R.S. 32:900(B)(2)...." Section 900(B)(2), as amended, provides that an owners policy of liability insurance "[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle ... with the express or implied permission of such named insured...." *371 It is argued that the "automobile business" exclusion in the GEICO policy violates the legislature's intent for omnibus coverage in all automobile policies. We agree.
A similar issue was addressed by the Second Circuit in Fields v. Western Preferred Cas. Co., 437 So.2d 344 (La.App. 2nd Cir.1983), writs denied 440 So.2d 528. In that case, the policy in question excluded a certain named employee while driving his employer's vehicle during the course and scope of his employment. The issue confronting the court was "... whether the statutory omnibus coverage provision ... applies to negate or override the effect of the endorsement which says no liability coverage shall be afforded ..." to the particular employee. In rejecting the endorsement the court held that a statutory omnibus clause supersedes conflicting policy provisions. Citing the statutory scheme of the Compulsory Motor Vehicle Liability Security Law the court concluded:
"If a policy of liability insurance is written on a Louisiana motor vehicle, the minimal liability coverage is controlled by the statute and the statutory omnibus coverage provision will override or supersede a policy provision or endorsement excluding a named driver." Id. at 347.

We believe that the rationale of the Fields case is applicable to the issue before us. The purpose of a compulsory liability law is to protect and provide for compensation to persons injured as a result of the motor vehicles operated in this state. Fields v. Western Preferred Cas. Co., supra. By making reference to, and including R.S. 32:900(B)(2) as part of the compulsory law, we are of the opinion the legislature intended that, not only those persons named in the policy be insured, but also any other person who uses the vehicle with the permission of the owner. GEICO's exclusion conflicts with this statutory mandate in that it excludes coverage for a certain group who drive the insured's vehicle with the insured's permission and who fall within the definition of those engaged in the "auto business."[1] Although Fields, supra involved the exclusion of only one particular named operator, and this case excludes a defined group of operators, the rationale is the same. The statute must prevail over policy exclusions which conflict with that statute.
GEICO, in its reply brief, urges Jones v. Allstate Insurance Company, 395 So.2d 434 (La.App. 3rd Cir.1981), Sampay v. Morton Salt Company, 482 So.2d 752 (La. App. 1st Cir.1985) and Wallace v. Boyte Enterprises, Inc., 385 So.2d 916 (La.App. 2nd Cir.1980) as supportive of its position that other similar exclusionary clauses have been upheld subsequent to enactment of the compulsory law.
While we agree that the cited cases do uphold the validity of various exclusionary provisions, we distinguish each by noting that the issue argued in those cases was a matter of contract interpretation. The issue of whether the exclusion was contrary to, or conflicted with, the compulsory liability law was not raised or argued. With the exception of the Fields case, supra, we are not aware of any case in which that precise issue has been addressed.
Based on our interpretation of the legislature's intent in enacting the Compulsory Motor Vehicle Security law, we affirm the ruling of the trial court.
AFFIRMED.
WARD, J., dissents with reasons.
WARD, Judge, dissenting.
I respectfully dissent.
The majority opinion extends Louisiana's Compulsory Motor Vehicle Liability Security Law beyond the intent of the Legislature and the meaning of the statute, and beyond the scope of any asserted public policy of the State. When the Legislature required that all motor vehicles shall be covered by a policy of liability insurance, I do not believe the Legislature intended to prohibit all exclusions from the coverage of such policies. If, as the majority holds, the statutory omnibus coverage provision negates *372 clauses excluding automobile business coverage because a public policy requires insurance "to protect and to provide compensation at all times to persons injured," then whenever any person uses the vehicle with the owner's permission, all exclusions, including those for intentional acts and employment-related injuries, will be void as against public policy. If a more limited view is that the public policy merely redefines who is an insured and extends coverage to all who have permission to use a vehicle (excluding an insured who does an intentional act), then all other exclusions the nuclear injury, the worker's compensation, the taxicab and the automobile business use, as well as the general business use exclusion, are equally against public policy. If this result were intended I am confident the Legislature would have said sowith particularityleaving no doubt that policy exclusions were no longer permissible.
I believe it was the intention of the Legislature when adopting the compulsary insurance act simply to require all vehicle owners to procure liability insurance of the kind then commonly provided by insurance companies with the commonly accepted exclusionary clauses of the policy, like the automobile business exclusion struck down by the majority. I do not believe vague public policy concepts should be used in this manner, and I find nothing in the statutory scheme which interdicts an insurer's business decision to exclude from coverage of its policy certain high-risk uses, such as that of garages, which should carry their own insurance coverage.
Ironically, those businesses which ignore the law and refuse to buy insurance will be the economic beneficiaries of the ruling of the majority because they would in effect obtain coverage without paying for it; while those who accept their legal obligations will be penalized by higher insurance rates because of high-risk usesas when you park in a public garage or when you take your car in for service. And, as a practical matter, in cases where automobile businesses do carry insurance, nullifying of the business or garage exclusion will create complex questions of overlapping business coverage with the personal automobile policy coverage.
NOTES
[1] The question of whether or not Richard had the consent to drive the vehicle is not before us. Presumably, that issue may still be argued below.