563 So.2d 410 (1990)
Jane E. STANFEL and Larry E. Stanfel
v.
John Russell SHELTON, Nancy D. Shelton, Fast Time Pizza, Inc., Champion Insurance Co., and Liberty Mutual Insurance Co.
No. 89 CA 0514.
Court of Appeal of Louisiana, First Circuit.
May 30, 1990.
*411 Michael Dale Lee, Baton Rouge, for plaintiff-appellee Champion Ins. Co.
Larry C. McCullough, Baton Rouge, for defendant-appellant Fast Time Pizza, Inc., Commercial Union Ins. Co.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This is an appeal from a trial court judgment granting defendant's motion for summary judgment.

FACTS
On May 13, 1987, John Russell Shelton, in the course and scope of his employment with Fast Time Pizza, Inc. (Fast Time), was proceeding the wrong way around a traffic circle when he narrowly missed plaintiff Jane E. Stanfel, who was proceeding in the proper lane of travel on a bicycle, causing her to fall with resulting injuries. At the time of the accident, John Shelton was a minor operating his mother's vehicle and was insured by Champion Insurance Company with a policy containing limits of liability of $10,000.00 per person and $20,000.00 per accident. Jane E. Stanfel and her husband, Larry E. Stanfel, filed suit against the minor Shelton; his mother Nancy Shelton; her insurer Champion Insurance Company (Champion); Shelton's employer, Fast Time; its insurer Commercial Union Insurance Company (Commercial Union); and Liberty Mutual Insurance Company (Liberty Mutual), Stanfel's uninsured motorist insurer. Champion denied coverage based on a clause in the policy excluding coverage for autos used in the course of employment. Nancy Shelton filed a cross claim against Champion and Fast Time for any judgment which might be rendered against her. Fast Time and Commercial Union filed a third party demand against Champion, alleging that Champion was a primary insurer and owed a defense to Shelton and was liable for the first $10,000.00 of any judgment rendered against Shelton and his mother arising out of the accident. Board of Trustees, State Employees Group Benefits Program (Group Benefits) and Liberty Mutual filed petitions for intervention requesting reimbursement of medical benefits paid pursuant to health and accident benefits and medical payment provisions, respectively.
Champion filed a motion for summary judgment based on the "used in course of employment" policy exclusion, and the trial court rendered judgment in favor of Champion and against the Stanfels, Group Benefits, Fast Time, and Commercial Union.[1] *412 From that judgment, Commercial Union and Fast Time appeal.[2] Thereafter, the Stanfels filed a motion for new trial.[3]
Subsequent to the rendition of the summary judgment, the Stanfels dismissed Shelton, Fast Time, and Commercial Union, reserving all rights against Champion. The Stanfels and Liberty Mutual also dismissed their claims against one another; the Stanfels specifically reserved all rights against all other parties.
The only issue before us on appeal is whether the summary judgment was proper, based upon Champion's policy which excludes coverage for "any automobile ... used in the course of their employment...."

POLICY PROVISIONS AND PUBLIC POLICY
In Louisiana Farm Bureau Casualty Insurance Company v. Darjean, 554 So.2d 1376 (La.App. 1st Cir.1989), writ denied, 558 So.2d 571 (La.1990), this court recently addressed the "automobile business" exclusion in light of Louisiana's mandatory omnibus clause (LSA-R.S. 32:900 B(2)), as follows:
Louisiana's Motor Vehicle Safety Responsibility Law, LSA-R.S. 32:851 et seq., encompasses this state's compulsory motor vehicle liability security provisions as well as the state's financial responsibility provisions. The compulsory motor vehicle liability security provisions require an owner of a motor vehicle to purchase or provide a liability bond, a certificate of self-insurance, or a policy of liability insurance in specified amounts as a prerequisite to registering a motor vehicle under state law. LSA-R.S. 32:861-865; Fields v. Western Preferred Casualty Co., 437 So.2d 344 (La.App. 2nd Cir.1983), writs denied, 440 So.2d 528, 754 (La.1983). Financial responsibility laws have similar monetary requirements, but are not prerequisites to vehicle registration and apply only after an accident has occurred. LSA-R.S. 32:871-910; Fields v. Western Preferred Casualty Co., supra. The purpose of the compulsory law is not to protect the owner or the operator against liability, but to provide compensation for persons injured by the operation of insured vehicles. Fields v. Western Preferred Casualty Co., supra.

LSA-R.S. 32:861A(1), which sets forth compulsory liability coverage requirements, provides that "[e]very self-propelled motor vehicle registered in this state ... shall be covered by an automobile liability policy with liability limits as defined by R.S. 32:900(B)(2)." LSA-R.S. 32:900B(2) provides that an owner's or operator's policy of liability insurance "[s]hall insure the person named therein and any other person, as insured, using any such motor vehicle ... with the express or implied permission of such named insured," subject to certain statutory limits. (Emphasis added).
The issue on appeal is whether an "automobile business" exclusion violates these statutory provisions and the legislature's intent for compulsory omnibus coverage in all automobile liability policies. Our brethren of the Fourth Circuit recently addressed this issue in Rudison v. Richard, 526 So.2d 369 (La.App. 4th Cir.1988). The court in Rudison determined that, by making reference to and including LSA-R.S. 32:900B(2) as part of the compulsory law, the legislature intended to include as insureds, not only those persons named in the policy, but also any other person who uses the vehicle with permission of the owner, regardless of the type of use. The court determined that the policy exclusion conflicted with the statutory mandate of the compulsory laws in that it excluded coverage for a certain group who drive the *413 insured's vehicle with permission of the insured and who fall within the definition of those engaged in an "auto business." As such, the court in Rudison held that the exclusion was against public policy and that the insurance policy afforded coverage.
[554 So.2d at 1377-1378]
In the instant case, the Champion policy provided, in pertinent part, as follows:
Persons Insured. The following are insureds under Part 1:
(a) With respect to the owned automobile,
(1) the named insured,
(2) any person using such automobile to whom the named insured has given permission, provided the use is within the scope of such permission;
* * * * * *
EXCLUSIONS. This policy does not apply under Part 1:
(a) to any automobile while used as a public or livery conveyance, to carry persons or property for a fee, or used in the course of their employment.
After reviewing the compulsory law and the relevant jurisprudence, we conclude that the Champion policy exclusion conflicts with the compulsory law in that it attempts to exclude coverage for vehicles "used in the course of their employment," even though at the time of the accident Shelton was using the insured vehicle with permission of his mother, the owner, and was delivering pizza, which was within the scope of that permission.[4] The statutory provision mandating compulsory insurance for all drivers who used the insured's vehicle with her permission must prevail over policy exclusions which conflict with the statute. See Louisiana Farm Bureau Casualty Insurance Co. v. John F. Darjean, supra. See also Jones v. Henry, 542 So.2d 507 (La.1989).
Therefore, the effect of the mandatory omnibus clause is clear; any permissive use of the named insured's automobile is covered under the named insured's policy to the extent of $10,000.00 per person/$20,000.00 per accident.
For the above reasons, the trial court judgment upholding the policy exclusion and granting Champion's motion for summary judgment as to Fast Time and Commercial Union is reversed, and the case is remanded to the trial court for further proceedings consistent with the views expressed herein. Champion is cast for all costs.
REVERSED AND REMANDED.
NOTES
[1] The judgment was silent as to Nancy Shelton's cross claim against Champion.
[2] Group Benefits did not appeal or answer the appeal, nor did it file a motion for new trial. Therefore, the summary judgment in favor of Champion and against Group Benefits is now final and is not before us on appeal.
[3] The record does not contain a judgment on the motion for new trial filed by the Stanfels; however, a minute entry for January 26, 1989, reveals that the trial court denied the Stanfels' request for a new trial. These matters are not before us on this appeal.
[4] The allegations regarding Shelton's permission to use his mother's vehicle were set forth in the appellant's brief; although there are no allegations or evidence in the record regarding permission or the scope of any permission, Champion has never raised as an issue that Shelton did not have permission or that he was not within the scope of that permission. Rather, Champion has contended that its policy does not apply because the automobile was used in the course of employment; therefore, the issue of permission is not before us as a contested matter.