573 So.2d 1227 (1991)
Doristeen MORRIS
v.
AMERICAN SURETY & FIDELITY INSURANCE COMPANY, et al.
No. 90-CA-0639.
Court of Appeal of Louisiana, Fourth Circuit.
January 17, 1991.
George J. Nalley, Jr., New Orleans, for appellant, RPM Pizza, Inc.
Brent P. Abadie, Sessions & Fishman, New Orleans, for appellee, American Sur. & Fidelity Ins. Co.
Before GARRISON, LOBRANO and BECKER, JJ.
LOBRANO, Judge.
Defendant and third party plaintiff, RPM Pizza, Inc. appeals the trial court's summary judgment dismissing American Surety and Fidelity Insurance Company from its third party complaint.
The pertinent facts are as follows:
Defendant, Patrick Villneurve, was employed by RPM Pizza, Inc. (RPM) d/b/a Domino's Pizza as a pizza delivery driver. As part of his employment agreement with RPM, Villneurve was required to carry automobile liability insurance. In compliance with this requirement, Villneurve applied for and was issued a policy of liability insurance by American Surety and Fidelity Insurance Company (ASFIC) on May 31, *1228 1988. Five days later, on June 5, 1988, while delivering pizza, Villneurve was involved in an automobile accident with a car being driven by Doristeen Morris.
On May 18, 1989, Morris filed suit against Villneurve, ASPIC and RPM alleging damages for injuries she sustained in the June 5, 1988 collision. On December 20, 1989, RPM's insurer, National Union Fire Insurance Company was added as a co-defendant. RPM filed an answer and third party demand against ASFIC for indemnity and/or contribution.
On November 22, 1989, ASFIC filed a motion for summary judgment asserting that the personal automobile liability insurance policy issued to Villneurve expressly excluded coverage on the Villneurve vehicle while being used for or in the course of Villneurve's employment or occupation. RPM filed a cross motion for summary judgment. Both motions were heard on February 9, 1990. On February 13, 1990, the trial court granted ASFIC's motion for summary judgment and denied RPM's motion. RPM perfects this appeal.[1]
The issue before this court is whether the "business use" exclusion in ASFIC's policy conflicts with Louisiana's Compulsory Motor Vehicle Liability Security Act.
A motion for summary judgment is proper only if the pleadings, depositions and affidavits show there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. La.C.C.Pro. Art. 966; Thornhill v. Black, Sivalls and Bryson, Inc., 394 So.2d 1189 (La.1981). Only when reasonable minds must inevitably conclude that the mover is entitled to a judgment as a matter of law on the facts is a summary judgment warranted. Chaisson v. Domingue, 372 So.2d 1225 (La.1979). Summary judgment is not to be used as a substitute for a trial on the merits. Brister v. Parish of Jefferson, 393 So.2d 883 (La.App. 4th Cir.1981).
The material facts in the instant case are undisputed. In support of their motion, ASFIC introduced the automobile liability policy issued to Villneurve, the declaration portion of the policy and Villneurve's application for insurance. In addition, ASFIC introduced an affidavit by Randall Toca, managing general partner of ASFIC. Toca's affidavit states:
"... the policy of insurance issued by American Surety and Fidelity Insurance Company to Patrick Villneurve, No. ASF 00300281 effective from May 31, 1988 to May 31, 1989 contained the following exclusion:
`We do not insure any car while it is being used for or in the course of your employment or occupation, unless you have told us the car is for business use, and you have paid the premium for business.'
That Patrick Villneurve did not declare that the automobile insured under the above referenced policy was to be used for business use, nor did he pay a premium for the use of his vehicle in his business, employment or occupation."
The terms of the policy, the declaration page and Villneurve's application for insurance corroborate Toca's affidavit.
RPM countered by cross filing a motion for summary judgment asserting that ASFIC's "business use" exclusion violates Louisiana's Compulsory Motor Vehicle Liability Security Act (the Act).[2] See, La.R.S. 32:861 et seq. The Act requires that every motor vehicle be covered by a policy of liability insurance. RPM asserts that when an exclusionary clause in a policy precludes *1229 coverage, the Act supercedes the exclusion and requires the imposition of the minimum statutory limits of coverage, i.e. $10,000.00 for each person and $20,000.00 for each accident. La.R.S. 32:900(B)(2). In support of their argument, in brief RPM cites Rudison v. Richard, 526 So.2d 369 (La.App. 4th Cir.1988); Louisiana Farm Bureau v. Darjean, 554 So.2d 1376 (La.App. 1st Cir. 1989), writ den., 558 So.2d 571 (La.1990); Mattingly v. State of Louisiana, Dept. of Health and Human Resources, 509 So.2d 82 (La.App. 1st Cir.1987), writ den. 512 So.2d 461 (La.1987); Fields v. Western Preferred Casualty Co., 437 So.2d 344 (La. App. 2nd Cir.1983), writ den. 440 So.2d 528 (La.1983) and writ den. 440 So.2d 754 (La.1983). During oral argument RPM cites the recent case of Stanfel v. Shelton, 563 So.2d 410 (La.App. 1st Cir.1990).
ASFIC argues that the jurisprudence relied on by RPM is distinguishable and not dispositive of the legal question to be resolved. We agree.
In Rudison, this court held that it was the legislature's intent to require insurance for any person driving the insured vehicle with the owner's permission. In that case the insured left his vehicle with an automobile repair business to have a vinyl top removed. While in their custody, the vehicle was driven by an employee who was involved in an accident. The insured's policy contained an exclusionary clause which precludes coverage when the vehicle was used by a person, other than the insured, who is engaged in the auto business. Based on the legislative intent of R.S. 32:900(B)(2), we held the exclusionary clause inapplicable.
In Louisiana Farm Bureau, the Second Circuit following this court's opinion in Rudison, under a factually similar situation held that the compulsory omnibus statute (La.R.S. 32:900(B)(2)) mandates compulsory insurance for all drivers who use the insured vehicle with the insured's permission irregardless of policy exclusions.
In Fields the policy specifically excluded a named employee of the insured. That particular employee was involved in an accident on his last day at work. Relying on the statutory omnibus provisions of La.R.S. 32:900(B)(2) the court nullified the policy exclusion and extended coverage to the employee.
In Mattingly, the issue before the court was whether USF & G's excess policy, which contained a $100,000.00 liability deductible on the insured vehicle, violated the legislative intent of Louisiana's Mandatory Insurance Laws. The court held that because the minimum 10/20 limits required by the Act were not provided the policy should be reformed to provide that coverage. USF & G was required to pay the first $10,000.00 in damages.
In Stanfel v. Shelton, the facts are almost identical to the instant case except the driver of the insured vehicle was using it with the owner's permission for business purposes.[3] Our brethren of the First Circuit following their holding in Louisiana Farm Bureau (which relied on our Rudison decision) held that the business use exclusion violated the compulsory motor vehicle security laws of this state.
Mattingly, is clearly not applicable to RPM's argument. The court correctly ruled in that case that USF & G's policy had to provide at least the minimum requirements of the statute. There were no exclusionary provisions at issue. The determinative factor was USF & G's failure to provide the minimum coverage required by the statute. There was no issue raised concerning the risks covered, only the amount.
Rudison, Louisiana Farm Bureau and Fields (we discuss Stanfel later in this opinion) are distinguishable from the instant case because in each of those cases the court relied on the provisions of La.R.S. 32:900(B)(2) to extend coverage to a non-named insured using the insured vehicle with the owner's permission. That statute requires that an owner's liability policy "insure *1230 the person named therein and any other person, as insured, using any such motor vehicle ... with the express or implied permission of such named insured...." The result of each holding was to insure the non-named driver, who had the owner's permission, to the same extent of the coverage provided to the named insured. That is, the coverage was extended to persons rather than risks. The underlying rationale of those decisions is that the Act requires the liability policy to provide at least the same coverage to non-named permissive users as is provided to the named insured. In the instant case, RPM argues that the same rationale should apply to extend the risks coverage and that Stanfel clearly supports this argument. We disagree.
First, the instant case does not involve use of the insured vehicle by a permissive user who was denied coverage. The subject policy's insured risks are the same irregardless of who uses the vehicle.
Second, the business use of a vehicle creates a higher risk than personal use, and presumably requires higher premiums. Although not presented with the public policy arguments raised in this case, our courts have consistently recognized the "business use" exclusions of liability policies. Redden v. Liberty Mutual Insurance Company, 327 So.2d 474 (La.App. 2nd Cir.1976), writ den. 331 So.2d 495 (La. 1976); Lee v. Allstate Insurance Company, 274 So.2d 433 (La.App. 1st Cir.1973).
The terms of ASFIC's policy are clear and unambiguous. Villneurve's vehicle was not insured for business, occupation or employment use. That exclusion was applicable to all users of the insured vehicle. We admit that the holding of Stanfel conflicts with our reasoning in this case. However, we believe that our brethren of the First Circuit misapplied the Rudison and Louisiana Farm Bureau decisions in reaching their result. Our decision in Rudison was intended to provide all permissive users of a vehicle with the same coverage as the insured, not to prohibit risk exclusions in a policy. Extending Stanfel to reasonable extremes would result in every auto liability policy being an "all risks" policy. The insurer would be required to spread the costs of "all risks" to every policy holder in the state regardless of the vehicle's use. We do not believe the legislature intended such a result, and refuse to follow Stanfel.[4]
We therefore hold that, under the facts of this case, where the policy excludes a specified risk rather than excluding omnibus permissive users, there is no conflict with the compulsory insurance laws of this state.
For the above and foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] RPM appeals both the denial of its motion for summary judgment and the granting of ASFIC's motion for summary judgment. The denial of a motion for summary judgment is an interlocutory decree which is not appealable. La.C.C. Pro. Art. 968; La.C.C.Pro. Art. 2083; La.C.C.Pro. Art. 2201; Uniform Rules Courts of Appeal, Rule 4; Songe v. Tennessee Life Insurance Company, 260 So.2d 149 (La.App. 4th Cir.1972); West v. Wal Mart Stores, Inc., 539 So.2d 1258 (La.App. 3rd Cir.1989), writ den. 543 So.2d 19 (La.1989).
[2] There is no disagreement with respect to the fact that Villneurve was using his vehicle for business purposes.
[3] Ironcially, in the Stanfel case the driver was working as a pizza delivery man when the accident in question occurred.
[4] A contrary ruling would result in the "evils" predicted by Judge Ward in his dissent in Rudison. See, dissenting opinion in Rudison v. Richard, supra. at 371.