652 So.2d 28 (1995)
RANGER INSURANCE COMPANY
v.
Vincent MANCUSO, Jr., et al.
No. 94-CA-464.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 1995.
*29 James P. Meyer, Martzell & Bickford, New Orleans, Leonard M. D'Angelo, Harvey L. Strayhan, Jr. & Associates, Metairie, for defendants-appellants.
Paul G. Preston, Christovich & Kearney, New Orleans, for plaintiff-appellee.
Before KLIEBERT, GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
This is an appeal of a declaratory judgment granted to Ranger Insurance Company (Ranger). The trial court found that Ranger's garage liability policy insuring Harry Leslie d/b/a Superdome Gulf Services (Harry Leslie or Leslie) excluded coverage for a tow truck owned by Leslie, but leased to Vitale Michael Kavanaugh (Mike Kavanaugh or Kavanaugh) at the time it was involved in an accident. The Mancusos (the accident victims) and their insurance company, State Farm Mutual Automobile Insurance Company (State Farm), appeal. We affirm.

FACTS
The underlying accident occurred on December 18, 1990. A tow truck, driven by Mike Kavanaugh rear-ended a vehicle driven by Vincent Mancuso at the intersection of Veterans Boulevard and Carrollton Avenue. During the hearing, both Vincent Mancuso and his wife, who was a passenger, testified that, at the time of the accident, the tow truck bore the label "Mike's Towing" on the side doors.
Bronson Adams Turner III was the independent adjuster who investigated this claim on behalf of Ranger. At the hearing on the declaratory judgment, he testified to the following sequence of events:
On December 27, 1990, Turner took a recorded statement from Mike Kavanaugh with his permission. In that recorded statement, Kavanaugh stated to Turner that he was selfemployed and had been using the name "Mike's Towing Service" for the past three years. Kavanaugh also stated he began leasing the tow truck from Harry Leslie in June 1990 for $1000 per month and paid $150 a month to Leslie for insurance.
On December 31, 1990, Turner recorded a telephone conversation with Leslie. In that statement, Leslie explained Kavanaugh was leasing the tow truck from him and that there was no written lease agreement. Leslie did not dispute the fact Kavanaugh was leasing the truck or paying the $1000 a month in rent. Turner stated Leslie abruptly *30 ended the conversation when it was mentioned that insurance payments were being made by Kavanaugh.
On January 2, 1991, Leslie received a Reservation of Rights letter sent by certified mail. The letter explained that Ranger was invoking its policy exclusion due to the lease agreement on the tow truck. This same day, Kavanaugh called Turner to inform him he did not lease the truck but only received a percentage of what the truck earned.
On January 23, 1991, Turner met with Leslie and obtained a signed statement from him. In this statement, Leslie claimed Kavanaugh was his employee and there was never a lease on the vehicle. On January 24, 1991, Turner photographed the tow truck in front of Kavanaugh's apartment. In the photograph, the tow truck bore the logo "Mike's Towing Service" on both doors, with Kavanaugh's home telephone number. There was no indication the truck was associated with Leslie's business. Leslie identified the truck as his in these photographs during the trial.
On January 30, 1991, Turner obtained a written statement wherein Kavanaugh stated he was an employee of Leslie, that he was never an independent contractor, and there was never a lease concerning the truck. He also denied he operated a business known as "Mike's Towing Service." Turner told Kavanaugh he needed to inspect the vehicle and Kavanaugh told him he would bring it by the next day.
On January 31, 1991, prior to going to work, Turner drove by Kavanaugh's apartment and observed the tow truck as bearing logos that read "Mike's Towing Service," with Kavanaugh's home telephone number on it. At approximately 9:15 a.m., Kavanaugh arrived with the tow truck. The logos on the tow truck had been altered. The logos, according to Turner, deleted the word "Mike's" and replaced it with "Chevron," Kavanaugh's telephone number was deleted, and Leslie's business telephone was added.
Based on the insurance policy's exclusion of leased vehicles, on September 21, 1991, Ranger filed a Petition for Declaratory Judgment naming as defendants the Mancusos, Harry Leslie d/b/a Superdome Gulf Services, and Mike Kavanaugh. By Supplemental Petition, Ranger added State Farm, Mancuso's insurer, as a defendant.
After the Sheriff's office was unable to locate Kavanaugh, he was served by a private process server on September 2, 1992. He failed to appear or file an answer within the legal delays. Ranger moved for and was granted a preliminary default and obtained a judgment confirming the default on April 8, 1993. This judgment was not appealed within the legal delays and is now definitive.
On February 3, 1994, the declaratory judgement action was heard against the remaining defendants. At the conclusion of the trial, and submission of post trial memoranda, the trial court, on March 21, 1994, found in favor of Ranger.

ISSUES
(1) Whether the trial court was correct in ruling Harry Leslie leased the tow truck to Mike Kavanaugh;
(2) Whether the trial court incorrectly adjudged that Ranger's exclusion for leased vehicles applied to situations involving individuals who are insured;
(3) Whether the trial court incorrectly adjudged that Ranger's exclusion against coverage for leased vehicles (in this fact scenario) did not violate Louisiana's mandatory omnibus clause, La.R.S. 32:900(B)(2);
(4) Whether the trial court incorrectly adjudged that Mike Kavanaugh was operating Harry Leslie's tow truck for the business of Mike's Towing Service; and
(5) Whether Ranger can limit its policy coverage, if the lease exclusion is void.

DISCUSSION
Standard of Review
A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
The issue to be resolved by a reviewing court is not whether the trier of fact was right or wrong but whether the factfinder's conclusion was a reasonable one absent manifest error. Even though an appellate court *31 may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart v. State through Dep't of Transp. and Dev., 617 So.2d 880 (La.1993).[1]
The idea behind this principle of review is founded upon the trial court's capacity to evaluate live witnesses, as compared with the appellate court's access only to a cold record. The principle also stems from the proper allocation of trial and appellate functions between the respective courts. Thus, where two permissible views of the evidence exist, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Canter v. Koehring Co., 283 So.2d 716 (La.1973).

ISSUE ONE
Here, we conclude that, after a review of the record, the trial judge was presented with two permissible views concerning whether Leslie had leased the tow truck to Kavanaugh, the initial statement given by the two, or their subsequent written statements given after Ranger sent the Reservation of Rights letter. We find the trial court's factual finding was reasonable.
Bronson Turner testified that, when he initially interviewed Kavanaugh, Kavanaugh stated he was leasing the tow truck from Leslie for $1000 a month. Kavanaugh also told Turner he was paying Leslie $150 a month for the vehicle's insurance. Kavanaugh told Turner that he was not an employee of Harry Leslie, but he was selfemployed and had been operating his business under the name "Mike's Towing Service" for the past three years.
Turner testified his initial conversation with Leslie confirmed the fact Leslie leased the truck to Kavanaugh for $1000 a month. However, Leslie stated there was no written agreement. When Turner inquired about Kavanaugh paying the vehicle's insurance, Leslie ended the conversation.
At trial, Vincent Mancuso and his wife, who was a passenger in the car, both testified the tow truck that hit them on December 18, 1990 bore the label "Mike's Towing Service" on the side doors.
The record reflects Kavanaugh's and Leslie's stories changed after Leslie received Ranger's Reservation of Rights Letter. This letter informed Leslie (the named insured on the tow truck's policy) that Ranger would be denying coverage based on the policy exclusion brought about by the lease of the tow truck.
After Leslie's receipt of this letter, both Leslie and Kavanaugh informed Turner there was never a lease on the tow truck. Kavanaugh, in a written statement given on January 30, 1991, denied he ever operated a business known as "Mike's Towing Service" and claimed he was an employee of Harry Leslie's.
However, approximately one week earlier, Turner had photographed the tow truck in front of Kavanaugh's apartment. The tow truck bore the logos "Mike's Towing Service" on both doors and had Kavanaugh's home telephone number on both doors. These logos were present on the tow truck until the morning Kavanaugh brought it to Turner for inspection. (Turner had once again driven by Kavanaugh's residence.) When the truck was brought to Turner for inspection, the logos had obviously been replaced to read "Chevron" instead of "Mike's." Furthermore, Kavanaugh's home telephone number no longer appeared on the truck but was replaced with the telephone number of Superdome Gulf Services (Leslie's business).
Based on the foregoing, we find the trial judge, as the evaluator of credibility, was not manifestly erroneous in finding the existence of a lease between Kavanaugh and Leslie regarding the tow truck.[2]

*32 ISSUE TWO

The next issue encountered is whether the trial court was correct in finding Ranger's exclusion for leased vehicles applied. The relevant portions of the insurance policy are as follows:
SECTION IILIABILITY COVERAGE
A. COVERAGE
. . . .
1. WHO IS AN INSURED
a. The following are "insureds" for covered "autos":
. . . .
(2) Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
. . . .
(c) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is your "garage operations".
. . . .
B. EXCLUSIONS
This insurance does not apply to any of the following:
. . . .
7. LEASED AUTOS
Any covered "auto" while leased or rented to others. But this exclusion does not apply to a covered "auto" you rent to one of your customers while their "auto" is left with you for service or repair.
Appellants argue that, under the terms of the insurance policy, Ranger Insurance Company would provide coverage for the accident involving the Mancusos and Kavanaugh because Kavanaugh was driving the truck with the permission of Harry Leslie at the time of the accident. According to the appellants, Kavanaugh was an "insured" under the terms of the policy.
To support their position, appellants rely on the testimony of Karen Kizer, Ranger's corporate representative, that the insurance policy would cover someone driving the truck with Leslie's permission. Furthermore, appellants rely on the direct testimony of Leslie, who testified Kavanaugh was driving the truck with his permission at the time of the accident as he was his employee.
We disagree, based on the finding of the trial court and our own review of the record. We find Kavanaugh was not merely using the tow truck as an employee with Leslie's permission, but there was a definite financial arrangement (the lease) between these two that allowed Kavanaugh to operate the truck in the use of his own business, "Mike's Towing Service."
Appellants argue that, even with the existence of a lease, there would still be coverage for this accident. In support of this theory, appellants rely on Section 7 of the Exclusion Section and claim the insurance policy does not define "others." Appellants contend "others" refers to anyone other than the "insureds." Because Kavanaugh was using the truck with Leslie's permission, he falls into the "insureds" category.
Appellants ignore the factual findings of the trial court. Because there was ample evidence to exclude Kavanaugh from the policy due to the fact the tow truck was leased to him, he does not fall into the "others" category. Ergo, we reject this argument. We read the insurance policy at face value and declare Kavanaugh was not an "insured" under the policy, because he was self-employed and leasing the truck from Leslie.

ISSUES THREE, FOUR AND FIVE
We now turn to the issue of whether the trial court's ruling that the exclusion against coverage for the leased vehicle violated the Louisiana mandatory omnibus clause, La.R.S. 32:900(B)(2), which, in pertinent part, provides:

*33 B. Such owner's policy of liability insurance:
. . . .
(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles....
The insurance policy is specific in excluding leased autos from coverage. Appellants argue this is violative of the mandatory omnibus clause because it denies coverage to people who use the vehicle with the owner's permission. In support of their position, appellants rely on Perkins v. McDow, 615 So.2d 312 (La.1993), Stanfel v. Shelton, 563 So.2d 410 (La.App. 1st Cir.1990), and Rudison v. Richard, 526 So.2d 369 (La.App. 4th Cir. 1988), which all held exclusions of permissive use violated the omnibus clause.
The trial court, citing Morris v. Am. Surety & Fidelity Ins. Co., 573 So.2d 1227 (La. App. 4th Cir.1991), found the exclusion applicable, and, in its Reasons for Judgment, stated, "Under Louisiana law, where a policy excludes a specific risk rather than excluding omnibus permissive users, there is no conflict with the compulsory insurance laws of this state."
Appellants argue the lease exclusion does not constitute an exclusion of a specified risk but the exclusion of a permissive user. They claim the tow truck was insured for towing operations, and Kavanaugh was operating the tow truck for towing purposes. Thus, since Kavanaugh was operating the truck for the purposes for which it was insured, the lease exclusion violates the motor vehicle security laws of Louisiana.
The Morris court found that, as one of its factors in upholding an exclusion clause, the case did not involve a permissive user. Appellants argue Kavanaugh was a permissive user and, therefore, should benefit from the jurisprudence that holds "[c]overage is extended under the omnibus clause so long as the operator of the vehicle had the named insured's permission to use the vehicle...." Perkins, supra, at 315.
Here is where the distinction lies. We do not feel Kavanaugh was a permissive user. There was a lease in effect. Kavanaugh was not an employee of Harry Leslie at the time of this accident; rather, he was leasing the tow truck in furtherance of his own business, "Mike's Towing Service." Although a lease does imply the owner is granting permission for the lessor to use the vehicle, it is within the context of a financial arrangement.
Ranger argues the purpose of the "leased autos" exclusion is to prevent them from insuring any and all risks associated with the use of an otherwise covered vehicle, which has been leased to others with whom Ranger had no direct contract of insurance. Ranger argues the policy is a "commercial policy," i.e., a policy intended to cover the risks of Harry Leslie d/b/a Superdome Gulf Services in the course of business. Ranger certainly did not contract to provide coverage for the vehicle being driven by a non-insured individual while in the service of "Mike's Towing Service."
The record indicates not only did Leslie lease the truck to Kavanaugh, but Kavanaugh used the truck in furtherance of his own business. This activity clearly falls outside of the anticipated risks encompassed in Ranger's policy. Thus, we find the exclusion does not operate to violate the mandatory omnibus clause, since we do not find Kavanaugh to be a "permissive user."
Based on this finding, we do not reach the issue of whether Ranger can limit its policy coverage if the lease exclusion is void.
For the reasons assigned, the trial court's judgment is hereby affirmed. All costs of this appeal are to be assessed against the appellants.
AFFIRMED.
NOTES
[1] See generally Cosse v. Allen Bradley Co., 601 So.2d 1349, 1351 (La.1992); Housley v. Cerise, 579 So.2d 973 (La.1991); Sistler v. Liberty Mutual Ins. Co., 558 So.2d 1106, 1112 (La.1990); Rosell v. Esco, 549 So.2d 840 (La.1989).
[2] The Civil Code expressly provides for an oral lease in Article 2683. Appellants raise the argument there was no "meeting of the minds" because the essential element of price was never agreed upon, since both Kavanaugh and Leslie claimed to be paying the insurance. We direct appellants' attention to the jurisprudence which holds the intention necessary to create a contract of lease may be inferred from established facts, circumstances, and acts of the contractors. The price, as to amount, may be uncertain or dependent upon certain eventualities, but the thing must be definite and certain. Carmichael v. Gene Allen Air Service, 532 So.2d 407 (La.App. 3d Cir.1988), writ denied, 534 So.2d 447 (La.1988); Pelican State Bank v. Webb, 175 So. 855 (La.App. 2d Cir.1937). Based on the record, we feel the existence of a lease over the tow truck is clear.