684 So.2d 561 (1996)
AMERICAN DEPOSIT INSURANCE COMPANY,
v.
Tammy GILLESPIE, Vittorio Dipietro, and Kenneth Guerra.
No. 96-C-2246.
Court of Appeal of Louisiana, Fourth Circuit.
November 27, 1996.
Matthew J. Ungarino, Pierre M. Legrand, Law Offices of Ungarino & Eckert, Metairie, for relator.
Richard A. Tonry, Michael C. Ginart, Jr., Kim C. Jones, Law Offices of Tonry and Ginait, Chalmette, for respondent.
Before BYRNES, LOBRANO and PLOTKIN, JJ.
LOBRANO, Judge.
We granted certiorari to consider the legal issue of whether an exclusion for non-licensed *562 drivers in an auto liability policy violates the public policy of Louisiana's Compulsory Motor Vehicle Liability Security Act and is thus unenforceable. The relevant facts are undisputed.
On or about October 21, 1995, there was an automobile accident involving unlicensed driver Vittorio Dipietro and pedestrian Kenneth Guerra. Dipietro was driving a vehicle owned by Tammy Gillespie with Gillespie's permission. The vehicle was covered by a liability policy issued by relator, American Deposit Insurance Company. Dipietro's license had been suspended several years prior to the current accident because he ran from the scene of a hit and run accident. He never renewed his license.
Relator filed a petition for declaratory judgment and a motion for summary judgment alleging that its policy afforded no coverage because it excluded coverage to unlicensed drivers. The district court held that relator's exclusion violated the public policy of this state which mandates liability coverage for all motor vehicles. This writ application followed.
Louisiana Revised Statute 32:861 provides that every motor vehicle operated in this state be covered with liability insurance or a vehicle liability bond. Louisiana Revised Statute 32:900 B(2) provides for the minimum coverages as well as omnibus coverage for all permissive users.
In Rudison v. Richard, 526 So.2d 369 (La. App. 4th Cir.1988), we refused to enforce an exclusionary clause which precluded coverage to a person using the insured vehicle while engaged in the auto business. In that case the insured left his vehicle for repairs and an employee of the repair business moved the vehicle to a paint shop. In doing so, he was involved in an accident. Relying on the rationale of the Second Circuit case of Fields v. Western Preferred Casualty, 437 So.2d 344 (La.App. 2d Cir.1983), writs denied, 440 So.2d 528, 754, (La.1983), we reasoned that public policy required liability coverage for all permissive users, and the exclusion for those in the auto business violated that policy.
In a factually similar case, the First Circuit followed our Rudison decision and concluded that public policy demanded that all permissive users be covered with liability insurance irrespective of policy exclusions. Louisiana Farm Bureau v. Darjean, 554 So.2d 1376 (La.App. 1st Cir.1989), writ denied 558 So.2d 571 (La.1990).
In Morris v. American Surety & Fidelity, 573 So.2d 1227 (La.App. 4th Cir.1991), we were confronted with the issue of a "business use" exclusion where the named insured was involved in an accident while using the owned vehicle delivering pizzas. We held that the "business use" exclusion did not violate public policy because it was a risk exclusion, as opposed to a user exclusion. We distinguished Rudison, Louisiana Farm Bureau, and Fields on the fact that in those cases the permissive user was not afforded the same coverage as the named insured, i.e. certain permissive users were excluded. We noted that our intent in Rudison was "to provide all permissive users of a vehicle with the same coverage as the insured, not to prohibit risk exclusions in a policy." Morris v. American Surety & Fidelity, supra at 1230. We also noted that the use of a vehicle for business purposes created a higher risk and presumably higher premiums. Implicit in that observation was the conclusion that public policy surely would not prevent an insured from excluding risks that would apply to all drivers in order to lower the premium.
In 1992 the legislature amended La. R.S. 32:900 to add section L, which "notwithstanding the provisions of Paragraph B(2) (relative to mandatory minimum limits and omnibus coverage)," permits an agreement between the insured and the insurer to exclude from coverage any named person who is a resident of the same household as the insured. The legislature recognized the insured's right to obtain lower premiums by excluding a named member of his household from coverage even though that person is a licensed driver.
Relator argues the Morris decision in support of its position, while respondent relies on Rudison, Fields, and Louisiana Farm Bureau. On first impression the rationale of the latter three cases would seem applicable. However, the 1992 amendment, cited above, *563 and La. R.S. 32:52 persuade us that the trial judge erred in concluding that the unlicensed driver exclusion violated public policy.
No doubt public policy mandates liability insurance for all motor vehicles operated in this state. However, it is also this state's policy that no person shall operate a vehicle on its highways without having been issued a valid driver's license, nor shall any person permit or allow an unlicensed driver to operate any vehicle owned or controlled by him. La. R.S. 32:52. The "unlicensed driver" exclusion is in accord with the latter policy because it presumably is an incentive to keep the unlicensed drivers off the highways of this state. Further, the exclusion also comports with the prohibition of loaning one's vehicle to an unlicensed driver. Omnibus coverage is triggered when the owner gives permission to the user. Giving permission to an unlicensed driver is illegal. Thus to permit coverage of the unlicensed permissive user would be tantamount to sanctioning two illegal acts, driving without a license and loaning a vehicle to an unlicensed driver.
In addition, the 1992 amendment to R.S. 32:900 does not imply that where a named household member is excluded from coverage by agreement between the insured and insurer, coverage is still mandated when that excluded member uses the insured's vehicle with the owner's permission. Such a result would be a total contradiction and ridiculous. Likewise, to permit an insurer to obtain an additional premium by covering a licensed driver who poses an extra risk, but yet be forced to cover, with no additional premium, an unlicensed driver who possibly poses a greater risk because he had the "legal" permission of the owner would also be a contradiction and an inequitable result. Surely that cannot be the result intended by our compulsory insurance laws.
In sum we conclude that the unlicensed driver exclusion in relator's insuring agreement is a risk exclusion in that it is equally applicable to the named insureds and the permissive users. It comports with this state's law which requires drivers to be licensed and which prohibits loaning of vehicles to unlicensed drivers. The exclusion does not violate the public policy embodied in our compulsory insurance laws. Accordingly, the judgment of the trial court is reversed, and summary judgement is granted in favor of relator.
REVERSED AND RENDERED.