FOIL, Judge,
dissenting:
I respectfully dissent.
*1248 In this case, we are asked to review the propriety of a trial court judgment holding a business use exclusion in an automobile liability policy invalid as being in violation of public policy.
FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff, Jessie Marcus, and his minor son were injured in an automobile accident with another vehicle driven by John F. Sanchez. At the time of the accident, Sanchez was driving his own vehicle but was acting within the scope of his employment with J & J Mechanical, Inc. Suit was filed against Sanchez and his insurer, American Deposit Insurance Company, and J & J and its insurer, Hanover Insurance Company. American provided $100,000/300,000 of automobile liability coverage to Sanchez. Hanover provided $1,000,000 of automobile liability coverage to J & J.
The American policy contained a business use exclusion which excludes coverage for damages resulting from use of “the insured car, in any business other than an auto business.” Based on this provision, American denied coverage. Hanover, J & J, and Sanchez filed a third party demand against American, claiming that the American policy provided coverage to Sanchez. Hanover, J & J, and Sanchez then filed a motion for deelar-atory/summary judgment against American, contending that American’s business use exclusion was invalid as being in violation of public policy. Thereafter, American filed its own motion for a deelaratory/summary judgment relying on the exclusion and, in the alternative, moved that its policy should be reformed to provide the minimum coverage permitted by law ($10,000/20,000).
The trial court granted Hanover’s motion and denied American’s motion. The court found that the business use exclusion violated Louisiana statutory provisions and the legislative intent for compulsory liability coverage under La.R.S. 32:861. In reasons for judgment, the court stated that a business use exclusion contained in an insurance policy is contrary to public policy when ^applied to instances when a person is driving the insured vehicle in the course of his employment. As such, the court rendered judgment stating that the American policy provided the primary coverage for the damages in this case. The court later denied American’s motion on the issue of reformation, holding that when a business use exclusion is invalidated, coverage remains unchanged from the full policy limits.
American sought writs, which this court denied on August 22, 1997. American then applied for writs with the Supreme Court, which was granted. On Dec. 12, 1997, the Supreme Court remanded the case to this court for briefing, argument and opinion.
On remand, it is uncontested that the business use exclusion is applicable under the facts of this case. Thus, the sole issue presented is whether the business use exclusion in American’s policy of automobile insurance violates public policy under the Compulsory Motor Vehicle Liability Security Law, La. R.S. 32:861 et seq.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a fall-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97); 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97); 703 So.2d 29. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, and is favored. La.Code Civ.P. art. 966A(2). The motion should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the move is entitled to judgment as a matter of law. La.Code Civ.P. art. 966B; Id. Appellate courts are to review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Id., 696 So.2d at 1035.
There are certain elementary legal principles which apply to the interpretation of insurance policies. An insurance policy is a contract and, as |4with all other contracts, it constitutes the law between the parties. If *1249 the policy wording at issue is clear and expresses the intent of the parties, the agreement must be enforced as written. Pareti v. Sentry Indemnity Company, 536 So.2d 417, 420 (La.1988). Further, policy provisions which limit the insurer’s liability or place restrictions on policy obligations should be enforced unless they conflict with statutes or public policy. Id. at 421.
A review of the jurisprudence reveals that, with the exception of one case, our state courts of appeal have held business use exclusions contrary to public policy, but in cases which are factually distinguishable from the instant case. For instance, courts have disallowed coverage, exclusions for vehicle use by permissive users and persons.engaged in the automobile business.[1] In other words, those cases extended coverage to certain persons other than the named insured, rather than to a particular risk. The one exception referred to involves a ease which is factually similar to this case. In Morris v. American Surety & Fidelity Insurance Company, 573 So.2d 1227 (La.App. 4th Cir. 1991), a pizza delivery man sought to recover under his personal automobile liability insurance policy for injuries he received while delivering pizzas. The policy expressly excluded coverage on the driver’s vehicle while being used in the course of his employment. The Fourth Circuit held that, where a policy excludes a specified risk rather than excluding omnibus permissive users, there is no conflict with the compulsory insurance law. Id. at 1230.
The Louisiana Supreme Court has not made a pronouncement yet on the precise legal issue presented here, although it has granted writs in two cases factually on point. In Mayfield v. Imperial Fire and Casualty Ins. Co., 95-0046 (La. 9/5/95); 659 So.2d 727, the Supreme Court held that a material issue of fact (whether the driver was operating the vehicle in the course and scope of his employment at the time of the accident) precluded summary judgment on the issue of whether the business use exclusion was applicable. The Court held that the lower courts were premature in reaching the issue of |Bwhether the exclusion violates public policy under our compulsory insurance law. The matter was thus remanded for further proceedings. In another .case on point, a majority of the Louisiana Supreme Court pretermitted consideration of whether business use exclusions are in violation of Louisiana’s public policy because it held that the exclusion in question did not preclude coverage. RPM Pizza, Inc. v. Automotive Casualty Insurance Company, 601 So.2d 1366 (La.1992). However, believing the exclusion in RPM was effective, Justice Cole dissented and gave his opinion on the resolution of the public policy issue. He stated, in part, as follows:
... [T]he courts of this state have long recognized the so-called “business use” exclusions of liability policies. Rather than being a means of escaping the liability for which the insurer has legitimately contracted, a business use exclusion is merely a recognition of the differences in the types of risks to which the insurer is willing to be exposed. Just as insurers are free to calculate premiums based upon risk factors, which, in other contexts, might constitute offensive or even unlawful classifications, discriminating among various typés of uses of the insured vehicle, e.g., business or pleasure, is simply the means by which the insured pays his fair share for the risk he contractually shifts to his insurer.
The legislature has expressed the policy of the state that each vehicle registered shall be insured to at least certain minimum levels of liability coverage. This pronouncement cannot reasonably be taken to suggest insurers are not permitted to differentiate among the better and the poorer risks in calculating premiums, in accepting or rejecting individuals outright, or in assessing different premiums for different classes of use.
... Nowhere in the statute is an insurer prohibited from setting forth in the required insurance policy the types of risk it has contractually agreed to assume.
*1250 Extending the trial court and court of appeal opinions to their logical ends, each automobile liability policy would become a non-differentiated “all risks” policy. An insurer would then be required to spread the cost of “all risks” to every policy holder in the state irrespective of the individualized use of the vehicle. I discern no legislative intent compelling such a result. I would hold ... that where a policy excludes a-specified risk rather than excluding omnibus permissive users, there is no conflict with the compulsory insurance laws of this state.
[Citations and footnote omitted.] RPM, 601 So.2d at 1373-1374. I agree with the expressions of Justice Cole in RPM and with the Fourth Circuit in Moms.
I would hold that, under the facts of this case, where an automobile liability policy excludes a specified risk, there is no conflict with the compulsory insurance laws of Louisiana. Accordingly, Hanover was not leentitled to judgment as a matter of law and the trial court erred in granting summary judgment in its favor.
For the above reasons, the summary judgment granted by the trial court in favor of Hanover should be reversed. Summary judgment should be rendered in favor of American.

. See e.g. Stanfel v. Shelton, 563 So.2d 410 (La. App. 1st Cir. 1990); Rudison v. Richard, 526 So.2d 369 (La.App. 4th Cir.1988).