h GUIDRY, J.,
dissenting.
By its ruling, the majority reverses the judgment of the trial court upon finding that the plaintiff failed to establish a causal fink between the wrongful act of the defendant and the injuries complained of by the plaintiff. However, under the manifest error standard of review, the appellate court should give deference to the findings of the trial court based on its capacity to evaluate live witnesses, as compared with the appellate court’s access only to a cold record. Ranger Insurance Company v. Mancuso, 94-464, p. 5 (La.App. 5th Cir.2/15/95), 652 So.2d 28, 31. In this case, the trial court, after hearing the testimony, viewing the witnesses, and reading the depositions, determined that the plaintiff had established causation and accordingly, rendered judgment in her favor.
Despite a pre-existing condition, a plaintiff is still entitled to compensation if the negligent act aggravated that condition. White v. State Farm Mutual Automobile Insurance Co., 97-1704, p. 5 (La.App. 3rd Cir.4/29/98), 713 So.2d 618, 622. My review of the record convinces me that the plaintiff proved aggravation of her preexisting injuries and the occurrence of at least one new injury following the accident occurring November 2, 1995. The law only requires that the plaintiff prove aggravation of a pre-existing injury by a preponderance of 12the evidence. Howell v. Service Merchandise Company, Inc., 95-79, p. 3 (La.App. 3rd Cir.8/9/95), 663 So.2d 96, 98; Sanders v. Collins, 551 So.2d 644, 651 (La.App. 1st Cir.1989). Considering the testimony of the plaintiff and her daughter at trial in conjunction with the deposition testimony of her two treating physicians, I believe that the plaintiff *912 proved causation, by a preponderance of the evidence.
Therefore, I respectfully dissent.